# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GRADY RENARD WILLIAMS, JR., a/k/a Abdul Malik Bey, | )<br>)<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CV422-201<br>) |
| TIMOTHY C. WARD, | )<br>) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

*Pro se* litigant Grady Renard Williams, Jr. is familiar to this Court. *See, e.g., Williams v. Deal*, 6:18-cv-090, doc. 5 (S.D. Ga. Oct. 19, 2018), *adopted* doc. 6 (S.D. Ga. Oct. 30, 2018). The instant action, which was filed as a 28 U.S.C. § 2254 petition in the Middle District of Georgia, *see* doc. 1, was transferred to this Court, doc. 3. Construed as a habeas petition pursuant to 28 U.S.C. § 2254, preliminary review shows that the Petition should be **DISMISSED**.[1] *See* Rule 4, Rules Governing Section

---

[1] The Clerk notified Williams of his failure to either pay the Court's fling fee or move to proceed *in forma pauperis*. *See* doc. 6. Payment of the filing fee is not jurisdictional. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).

2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d

1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For § 2254 petitioners who do not seek direct review of their conviction, *i.e.* those who do not file an appeal, "the judgment becomes final at the expiration of the time for seeking such review—when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* Williams' Petition alleges that he was convicted on September 26, 2008. *See* doc. 1 at 1. He alleges that he did not file an appeal. *See id.* at 2. His conviction, therefore, became final on October 27, 2008.[2] *See* O.C.G.A. § 5-6-38(a); *see also, e.g., Sanders v. Comm'r, Ga. Dept. of Corrs.*, 826 F. App'x 757, 759 n. 1 (11th Cir. 2020). The one-year clock ran out on October 27, 2009,

---

[2] Because October 26, 2008 was a Sunday, Williams had until Monday, October 27, 2008 to file his appeal. *See* O.C.G.A. § 1-3-1(3).

more than twelve years before he filed the instant Petition. *See* doc. 1 at 15.[3] Williams alleges that he filed state habeas actions in the Wilcox County Superior Court in 2020 and 2022. *See id.* at 3-4. Even assuming that those state habeas actions could otherwise affect the statute of limitations,[4] the time that elapsed between his judgment's finality and his filing of the 2020 action exceeded § 2244(d)'s one-year period by years.

Williams' untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2(11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Williams' petition is deemed filed on July 20, 2022. *See* doc. 1 at 15.

[4] Williams' description of the two state habeas actions is not entirely clear. Section 2244(d)(2) provides that "[t]he time during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *Id.* The Court cannot conclude, therefore, that the actions were "properly filed," such that they affected the statute of limitations on his federal petition in any way. Since it is clear that the statute had long-since run before the earliest of those actions was filed, whether they could affect it is moot.

extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Williams' Petition does not indicate any "extraordinary circumstance" and his allegations, taken as a whole, do not indicate that he pursued his rights diligently. There is, therefore, no basis to find he is entitled to equitable tolling.

Williams' Petition alleges that it is timely because the trial court lacked "subject matter jurisdiction." Doc. 1 at 13-14. Notwithstanding the substantive frivolity of his allegations, discussed below, they could not render his Petition timely. "There is no exception to the . . . limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court." *Foster v. Gordy,* 2019 WL 6381773, at *6 (M.D. Ala. Oct. 30, 2019); *see also, Davis v. Nunn*, 2022 WL 1618534, at *2 (W.D. Okla. May 23, 2022) (rejecting argument that the statute of limitations does not apply because the state court lacked jurisdiction as "without merit," and collecting cases); *Joseph v. McNeil*, 2009 WL 3161821, at *1 (S.D. Fla. Sept. 29, 2009) (rejecting argument that "the state court's lack of subject matter jurisdiction" precluded dismissal of untimely petition as "without merit."). *Cf. Justo v. Culliver*, 317 F. App'x 878, 880-81 (11th Cir. 2008)

(noting the possibility that an "actual innocence" claim might be sufficient to avoid the statute of limitations, but where petitioner did not point to "new reliable evidence . . . that was not presented at trial," he had not shown "actual innocence," but only "legal insufficiency" (internal quotation marks and citations omitted)). To the extent that Williams contends that his allegations that the trial court lacked jurisdiction affect the application of the statute of limitations, those arguments are meritless.

Even if a meritorious challenge to the state court's subject matter jurisdiction could render a habeas petition timely, Williams' allegations are meritless. His allegations that the state court lacked jurisdiction depend upon his assertion that he is "a Noble of the Al Moroccan Empire." *See* doc. 1 at 5; *see also id.* at 7 ("No United States service corporation citizen or U.S. Citizen has personam jurisdiction over the Aboriginal Indigenous Sovereign Moorish American Nationals."). His allegations are indicative of the entirely discredited "Sovereign Citizen" theory. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that certain phrases are characteristic of "so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts"

and that courts confronting such arguments "have summarily rejected their legal theories as frivolous."); *see also, e.g., Bey v. Georgia*, 2020 WL 10051498, at *1 (N.D. Ga. Jan. 9, 2020) (dismissing assertion of "purported status as a nobleman of the "Al Moroccan Empire," [and] a Moorish national," as frivolous "sovereign citizen" arguments).  This Court has previously noted that Williams' litigation history is replete with admonitions of the "utter vacuity" of those theories. *Williams*, 6:18-cv-090, doc. 5 at 2 (S.D. Ga. Oct. 19, 2018) (collecting cases).  At the risk of repetition:  "In case all of these admonitions have been lost on Williams, let this Court reiterate:  To call 'sovereign citizen' arguments 'nonsense' would be an insult to nonsense; such arguments are utterly worthless . . . ." *Id.* at 3.  That admonition was appropriate in 2018 and it is no less appropriate now.

Since Williams' Petition is clearly untimely and he makes no meritorious argument for equitable tolling, his Petition should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the

litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 24th day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA